# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 26-50062
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS CUELLAR-LOPEZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:25-CR-2313-1

———————————————————————

Before KING, STEWART, and HO, *Circuit Judges*.

PER CURIAM:[*]

Carlos Cuellar-Lopez appeals following his conviction and sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b), arguing for the first time that the recidivism enhancement in § 1326(b) is unconstitutional. The Government has moved for summary affirmance or, alternatively, for an extension of time in which to file a brief. Although Cuellar-Lopez takes no

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 26-50062

position on the motion for summary affirmance, he acknowledges his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve the issue for possible Supreme Court review.

The parties are correct that Cuellar-Lopez's sole argument is foreclosed.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).  Summary affirmance is thus appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.